Argued and submitted September 11, reversed and remanded for further proceedings October 28, 1987

In the Matter of
Cooke, Richard; Cooke, Elizabeth, Children.

STATE ex rel JUVENILE DEPARTMENT OF
MULTNOMAH COUNTY et al,
*Respondents,*

*v.*

COOKE,
*Appellant.*

(66666, 66666A; CA A42543)

744 P2d 596

Caryanne C. VanCoevering, Portland, argued the cause and filed the brief for appellant.

Michael Livingston, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General and Charlene Woods, Assistant Attorney General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Mother, a Lummi Indian, appeals a trial court order which found her children to be within the jurisdiction of the juvenile court because of her neglect of them. The court made the children wards of the court and committed them to the legal custody of the Children's Services Division (CSD). The court recommended that the children remain in mother's physical custody. The dispositive issue is whether the court was required to comply with the Indian Child Welfare Act (ICWA), 25 USC §§ 1901-1963, before finding that the children were within its jurisdiction. We hold that it was required to do so and that it did not. Therefore, we reverse.

Under the ICWA, a state court may not order foster care placement of an Indian child

> "in the absence of a determination, supported by clear and convincing evidence, *including testimony of qualified expert witnesses,* that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child." 25 USC § 1912(e). (Emphasis supplied.)

We have held that the expert witness must usually be someone with special knowledge of and sensitivity to Indian culture. *State ex rel Juv. Dept. v. Charles,* 70 Or App 10, 16-17, 688 P2d 1359 (1984), *rev dismissed* 299 Or 341, 701 P2d 1053 (1985); *but see State ex rel Juv. Dept. v. Tucker,* 76 Or App 673, 682-84, 710 P2d 793 (1985), *rev den* 300 Or 605 (1986). In this case, *no* expert witness testified, although a social worker did make suggestions concerning placement of the children. There is no suggestion that that social worker had any expertise in Indian culture. If the ICWA applies, the court's order violates it.

Plaintiff asserts that the ICWA does not apply. It points out that the act defines "foster care placement" to mean

> "any action removing an Indian child from its parent or Indian custodian for temporary placement in a foster home or institution or the home of a guardian or conservator where the parent or Indian custodian cannot have the child returned upon demand, but where parental rights have not been terminated[.]" 25 USC § 1903(1)(i).

Although the court *could* have ordered the children placed in

foster care after finding jurisdiction in this case, it did not do so. Therefore, plaintiff says, the court did not need to follow ICWA procedures and will not need to do so unless there is a later attempt to change the placement of the children. In short, plaintiff argues, the actual rather than the potential result of the proceeding should determine the role which the ICWA plays in it.

Plaintiff's argument would require the court to speculate about the outcome of a juvenile proceeding in order to determine what role ICWA would play and would encourage the agency to base its recommended disposition on issues other than the children's best interests. It would allow the court and the agency to become deeply involved in the children's family while ignoring the requirement that they consider the children's cultural heritage. They could avoid providing the required procedural protections until almost the very end of the process, making the ultimate decision a *fait accompli.* We agree with the Iowa Supreme Court:

"A proceeding to determine whether the children are in need of assistance due to the mother's unfitness *could* result in temporary foster home placement of these Indian children and clearly falls under the ICWA." *In Interest of J.R.H,* 358 NW2d 311, 321, (Iowa 1984). (Emphasis supplied.)

Plaintiff also misunderstands the effect of the court's order. The court made the children wards of the court and placed them in the legal custody of CSD. Although it ordered that physical custody remain with mother while she underwent in-patient alcohol treatment, that order was in fact a recommendation. The court cannot *order* any placement. ORS 419.507(1)(b)(B), (D). The formal commitment order shows as much, describing the court's order as a "placement preference." In explaining his decision at the hearing, the judge said that he thought that the children should be with mother during the in-patient treatment "unless there ends up being a problem."

When the court found the children to be within its jurisdiction, it changed the framework of future decisions. Issues would then be treatment and placement, not jurisdiction. Plaintiff's argument would require a full retrial on the jurisdictional issue before either CSD or the court could make a new placement decision. There would thus be two separate

trials on one issue in ICWA cases. The law simply does not distinguish, as plaintiff would have it do, between regular juvenile court jurisdiction and ICWA jurisdiction. If the ICWA is to play the role which Congress intended, it must be when the merits are first decided. The court did not allow that here.[1]

Reversed and remanded for further proceedings not inconsistent with this opinion.

---

[1] Mother's assignments of error concerning evidentiary issues do not require discussion.