Argued and submitted August 13, 1990, affirmed April 17, reconsideration denied August 21, petition for review denied September 24, 1991 (312 Or 150)

In the Matter of
Jade Ann Charles, a Child.

STATE ex rel JUVENILE DEPARTMENT
OF CLACKAMAS COUNTY,
*Respondent,*

*v.*

Jamesyn L. CHARLES,
*Appellant.*

(J88-3-5; CA A62213)

810 P2d 393

Arthur P. Stangell, Oregon City, argued the cause and filed the brief for appellant.

Wendy J. Paris, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Michael D. Reynolds, Assistant Solicitor General, Salem.

Howard Clyman, West Linn, argued the cause and filed the brief for child.

Before Richardson, Presiding Judge, and Warren and De Muniz, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

■ Mother appeals an order that found her child, Jade Ann, age 8, to be within the jurisdiction of the court. The court made the child a ward and directed that she be transferred to Alaska to be placed in the physical custody of her paternal aunt. The child's father, Dean Charles, is a Tlingit Indian; consequently, she is an Indian as defined in the Indian Child Welfare Act (ICWA), 25 USC §§ 1901-1963, and that act applies to this proceeding.

Mother has two other children who were also made wards of the court. They are not Indian children, and mother has also appealed the order as to them. *State ex rel Juv. Dept. v. Charles/Austin,* 106 Or App 628, 810 P2d 389 (1991). All three children were taken into protective custody at the same time, and the facts are set out in our opinion in the other case. There are factual and procedural variations that we will discuss in relation to the assignments of error.

Jade Ann was removed from the home on February 28, 1988, and on the next day a preliminary hearing was held. Mother was present. The court awarded temporary legal and physical custody to CSD. On March 3, 1988, a petition was filed alleging that the child was within the jurisdiction of the juvenile court, because mother had failed to provide for her physical and emotional needs. On June 19, 1988, mother moved to dismiss the petition for failure to comply with the notice requirements of ICWA, 25 USC § 1912(a). The court denied the motion, and mother contests that ruling in her first assignment.

■ Her argument appears to be that the preliminary hearing after an emergency removal of the child must be preceded by a notice under 25 USC § 1912(a). That statute requires notice to an Indian child's parents and the child's tribe and that "no foster care placement or termination of parental rights proceeding shall be held until at least ten days after" notice. ICWA does not prevent the emergency removal of an Indian child under state law, pursuant to ORS 419.569, and does not require notice in that situation to the parents and the tribe until a custody proceeding is initiated. 25 USC § 1922. *State ex rel Juv. Dept. v. Charles,* 70 Or App 10, 688 P2d 1354 (1984), *rev dismissed* 299 Or 341, 701 P2d 1052 (1985).

■　　Mother also argues that 25 USC § 1912(a) requires that a hearing be held within 10 days and, because no hearing had been held on the petition by the time that she moved to dismiss it, the court was required to grant her motion. ICWA does not require a hearing within 10 days; it requires a notice at least 10 days before a hearing. The amended petition was filed on July 10, 1989, and all required notices were given. The jurisdictional hearing was based on the amended petition. The court did not err.

In her second and third assignments, mother contends that the court erred by allowing the filing of an amended petition and by refusing to strike it. For the reasons expressed in *State ex rel Juv. Dept. v. Charles/Austin, supra,* 106 Or App at 632, the court did not err.

Mother contends, in her fourth assignment, that the court erred "when it made findings that services had been provided under the provisions of" ICWA. 25 USC § 1912(d) provides:

> "Any party seeking to effect a foster care placement of, or termination of parental rights to, an Indian child under State law shall satisfy the court that active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that these efforts have proved unsuccessful."

Part of mother's argument is based on portions of the record in the criminal proceeding involving mother. We denied her motion to supplement the record on review with that evidence. It is difficult to separate the parts of her argument that relate to evidence not in the record. We have essentially disregarded her recitation of facts and, on *de novo* review of the record properly received, we conclude that the state made the proper showing under 25 USC § 1912(d).

■　　Mother's fifth and sixth assignments are that the court did not appoint competent counsel for her or Jade Ann under 25 USC § 1912(b). The standards of performance for counsel appointed under ICWA are not different from those for counsel appointed pursuant to state statute. *See State ex rel Juv. Dept. v. Geist,* 310 Or 176, 796 P2d 1193 (1990). We addressed and rejected the identical claims of error in *State ex rel Juv. Dept. v. Charles/Austin, supra.*

In her final assignment, mother contends that the court erred by ordering that the child be placed in the physical custody of her paternal aunt, who is an active member of the Tlingit Indian tribe in Alaska.[1] Mother's argument is that it is not in the child's best interest to place her outside the state and away from mother's home.

Before a court may seek foster care placement of an Indian child, it must be satisfied by clear and convincing evidence, including testimony of a qualified expert on Indian culture, that continued custody by the parents is likely to result in serious physical or emotional damage to the child. 25 USC § 1912(e); *State ex rel Juv. Dept. v. Charles, supra; State ex rel Juv. Dept. v. Cooke,* 88 Or App 176, 744 P2d 596 (1987). Mother and the state produced expert witnesses who testified about Indian culture and placement of the child. Although experts qualified to talk about Indian culture are required under ICWA, *State ex rel Juv. Dept. v. Cooke, supra,* the court need not accept an expert's opinion regarding placement. The expert testimony is intended to provide the court with information regarding the relevant Indian culture. We need not sort out which expert was more qualified and which opinion regarding placement should be followed. On *de novo* review, we conclude, as did the trial court, that continued custody by mother would likely result in serious damage to the child. We also agree with the recommendation of the court that the child be placed with her aunt in Alaska. That placement is consistent with the evidence and 25 USC § 1915(b).

Affirmed.

---

[1] Mother contends that the court *ordered* placement of the child in Alaska. The court cannot order any placement; it can only make a recommendation. ORS 419.507(1)(b)(B), (D); *State ex rel Juv. Dept. v. Cooke,* 88 Or App 176, 744 P2d 596 (1987).