Argued and submitted May 12, dispositional judgment reversed June 22, 2011

In the Matter of M. R. L.,
E. Y. L., Y. I. L., A. J. L., M. L. L., and S. E. L.,
Children.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

N. L.
and B. Z. L.,
*Appellants.*

Yamhill County Circuit Court
00389604, 00389606, 00389607,
00389609, 00389611, 00389613;
Petition Number J13025;
A146461

260 P3d 537

Holly Telerant, Deputy Public Defender, argued the cause for appellant N. L. With her on the brief was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Ann Lechman-Su argued the cause and filed the brief for appellant B. Z. L.

Jeff J. Payne, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

James A. Palmer filed the brief for minor children.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

SCHUMAN, P. J.

## SCHUMAN, P. J.

In this dependency case, mother and father appeal from a dispositional judgment determining that the permanency plan for the couple's six children is adoption. We conclude that the judgment from which this appeal is taken is void. In an earlier opinion involving this case, *State v. N. L.*, 237 Or App 133, 239 P3d 255 (2010), we invalidated the jurisdictional judgment that was the predicate on which the dispositional judgment was based, thereby rendering the dispositional judgment ineffective as well. ORS 419A.205(2). For that reason, we reverse.

Because it provides necessary context for father's assignment of error, in which mother joins, we review our first opinion in some detail. After the condition of the children came to the attention of the Department of Human Services, the juvenile court held a combined jurisdictional and dispositional hearing on October 14, 2009. At that time, the court and counsel discussed the possibility that, because father was a member of the Choctaw Nation, the children were Indians, and for that reason the state had to meet the more stringent requirements of the Indian Child Welfare Act (ICWA) before it could take jurisdiction. The tribe itself, however, had not responded to inquiries as to the children's status. Counsel for all the parties agreed that, in light of the tribe's lack of intervention, there was no need to treat the case as subject to ICWA; therefore, they agreed, the usual "preponderance of the evidence" standard applied as opposed to the "clear and convincing evidence" required by the ICWA. Further, the court did not make the findings required by ORS 419B.340(7) in ICWA cases:

> "When an Indian child is involved, the department must satisfy the court that active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that these efforts have proven unsuccessful. Foster care placement may not be ordered in a proceeding in the absence of a determination, supported by clear and convincing evidence, including the testimony of expert witnesses, that the continued custody of the Indian child by the parent or Indian custodian is likely to result in serious emotional or physical injury to the Indian child."

The juvenile court took jurisdiction over the parties' six children on the basis of neglect, with a permanency plan of "return to parents" and a concurrent plan of adoption, and issued a judgment to that effect. Father and mother filed a notice of appeal from that judgment, asserting that the trial court had failed to comply with ICWA in determining that it had jurisdiction.

While the appeal was pending, information became available that the children were in fact Indian children and that the Choctaw Nation was choosing to intervene. On March 11, 2010, mother filed a motion to reconsider the October 2009 jurisdictional judgment. The court allowed the motion on April 15, 2010, and found that the record from the October 2009 hearing revealed sufficient ambiguity concerning the children's status that the case should have been treated as an ICWA case. The juvenile court held a second combined jurisdictional and dispositional hearing and made the findings required by ICWA and ORS 419B.340(7) and determined on June 1, 2010, that, under the clear and convincing standard, the children continued to be within the jurisdiction of the juvenile court. The court entered this new amended judgment of jurisdiction and continued the matter with respect to the permanency plan. The parents filed a notice of appeal from that judgment in the Court of Appeals. On June 1, 2010, and July 13, 2010, the court held the permanency hearing. Again applying ICWA standards, the juvenile court determined in a judgment issued on August 6, 2010, that the permanency plan for the children was adoption. The parents filed a notice of appeal from that judgment as well.

On appeal, we concluded that the juvenile court had lacked authority to amend its original jurisdictional judgment (October 2009) while an appeal from that judgment was pending; therefore, we held, the amended jurisdictional judgment of June 1, 2010, was "ineffective." *N. L.*, 237 Or App at 138-41. Accordingly, we addressed the correctness of only the original October 2009 jurisdictional and dispositional judgment. *Id.*

With respect to that matter, father's first three assignments of error challenged the juvenile court's findings

that the children were within the jurisdiction of the court based on the parents' neglect of the children's dental, educational, and medical needs. In his fourth assignment, father contended that the juvenile court had erred in determining that ICWA did not apply and in failing to make the findings required by ORS 419B.340(7), quoted above. In his fifth assignment, he contended that he had received inadequate assistance from his counsel. *N. L.*, 237 Or App at 142.

We began our discussion by taking up father's fifth assignment of error, and we concluded that father's counsel had, indeed, been inadequate in advising the juvenile court that it did not have to apply ICWA.[1] We concluded further that, as to the jurisdictional bases of educational and dental neglect, the outcome would have been different had counsel asserted that ICWA applied, and that, as to the additional evidence and findings required by ORS 419B.340(7), the result would also have been different. As for medical neglect, however, we concluded that the evidence was sufficient to justify jurisdiction even under the "clear and convincing" standard. We also explained, citing *State ex rel Juv. Dept. v. Cooke*, 88 Or App 176, 744 P2d 596 (1987), that in cases involving an Indian child, the court must comply with ICWA before addressing jurisdiction. *N. L.*, 237 Or App at 143. Thus, we concluded, "[A]lthough educational and dental neglect are not proper bases for jurisdiction in this case, medical neglect may be a proper basis for jurisdiction *if, on remand, the requirements of ORS 419.340(7) are satisfied." Id.* at 144 (emphasis added). Our remand, in other words, required the court to make the necessary ICWA findings before addressing jurisdiction. Ultimately, we concluded:

> "When the juvenile court entered the jurisdictional/ dispositional judgment, the requirements of ORS 419B.340(7) had not been met. If the applicability of ICWA had been asserted, presumably the juvenile court would have proceeded in compliance with that statute. With respect to the requirements of ORS 419B.340(7),

---

[1] For reasons not relevant to this appeal, we decided against applying an invited error analysis.

father was prejudiced. Accordingly, the juvenile court must address that issue on remand.

"Reversed and remanded."

*Id.* at 148.

Our decision, then, reversed the judgment in its entirety. It is not apparent on this record that—apart from the June 1, 2010, jurisdictional judgment that we held was ineffective—the juvenile court has subsequently addressed the jurisdictional defect identified in this court's opinion. Contrary to the state's contention, our disposition did not limit the reversal and remand to the dispositional portion of the judgment. To the contrary, read in its entirety, the unambiguous import of our opinion is that, although father was not entitled to a new trial on every asserted ground for jurisdiction and the ground of medical neglect would be sufficient to support jurisdiction even under a clear and convincing standard, the failure of the juvenile court to address ORS 419B.340(7) and the requirements of ICWA at the 2009 jurisdictional hearing meant that the *jurisdiction* of the juvenile court had not been perfected. Also contrary to the state's contention, the reversal was not limited to mother. The judgment was reversed in its entirety. Thus, our first opinion clearly negated the jurisdictional component of the October 2009 judgment and also determined that the June 1, 2010, amended judgment correcting the jurisdictional defect was "ineffective" because it was entered while the case was on appeal.

The current appeal is from the permanency judgment entered August 9, 2010, following a hearing on June 1, 2010, and July 13, 2010, while the first appeal was pending. In his first assignment of error, in which mother joins, father contends that the dispositional judgment changing the permanent plan to adoption was negated when this court held that the June 1, 2010, amended jurisdictional judgment was without effect. We agree. ORS 419A.205(2) provides, in part:

"An appeal from a judgment finding a child or youth to be within the jurisdiction of the court does not deprive the juvenile court of jurisdiction to proceed with a disposition of the matter.

"* * * * *

"(4)   When an appeal is taken from a judgment finding a child or youth to be within the jurisdiction of the court, if the appellate court:

"(a)   Reverses the judgment, the judgment disposing of the matter is reversed[.]"

Although the juvenile court had jurisdiction pending appeal to address dispositional issues and to hold the permanency hearing of June 1, 2010, and July 13, 2010, ORS 419A.205(2), when this court reversed the jurisdictional judgment of October 2009 and declared that the June 1, 2010, jurisdictional judgment was ineffective, no jurisdictional judgment remained. Pursuant to ORS 419A.205(4)(a), our reversal of the October 2009 jurisdictional judgment had the effect of reversing the juvenile court's intervening disposition of the matter, which was pending on appeal at the time of our decision. Thus, at this time, the juvenile court has not effectively taken jurisdiction over the children.

Because we conclude that the dispositional judgment entered pending the first appeal was reversed, we do not address the other assignments of error.

Dispositional judgment reversed.