Argued and submitted June 1, reversed and remanded June 30, 2021

In the Matter of E. R. S., IV,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

E. R. S., III,
*Appellant.*

Jackson County Circuit Court
20JU03373; A174527

489 P3d 629

Kelly W. Ravassipour, Judge.

Shannon Storey, Chief Defender, Argued the cause for appellant. Also on the brief was Sean K. Connor, Deputy Public Defender, Juvenile Appellate Section, Office of Public Defense Services.

Inge D. Wells, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Reversed and remanded.

## PER CURIAM

This is a juvenile dependency case that is subject to the Indian Child Welfare Act (ICWA). Father appeals from the judgment taking jurisdiction over his child, E, raising six assignments of error. We write to address his fifth assignment, in which he asserts that the juvenile court erred in ruling that E was within its dependency jurisdiction in the absence of testimony by a qualified expert witness as required by ICWA. *See* 25 USC § 1912(e) (foster care placement may not be ordered "in the absence of a determination, supported by clear and convincing evidence, *including testimony of qualified expert witnesses*, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child" (emphasis added)); *see also State ex rel Juv. Dept. v. Cooke*, 88 Or App 176, 178, 744 P2d 596 (1987) (to comply with ICWA, qualified expert witness testimony is required at time dependency petition is adjudicated). In response, the Department of Human Services (DHS) concedes that the juvenile court erred in taking jurisdiction over E without complying with ICWA and agrees that the jurisdictional judgment should be reversed and remanded for a new hearing on the dependency petition. We agree with and accept DHS's concession. Accordingly, we reverse the judgment of jurisdiction and remand for a new jurisdictional hearing. Our disposition of father's fifth assignment of error obviates the need to reach his remaining assignments of error.

Reversed and remanded.